**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**MADELINE W. McANDREW and MICHAEL McANDREW,**

**Plaintiffs,**

**v.** **Case No. 3:08cv294/MCR/MD**

**DANIEL G. NOLEN, UPS GROUND FREIGHT, INC., UNITED PARCEL SERVICE COMPANY (as parent of UPS Ground Freight, Inc.), JERALD HALEY (d/b/a Jerald Haley Trucking), and AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE,[1]**

**Defendants.**

**______________________________/**

**O R D E R**

Plaintiff Madeline W. McAndrew and her husband Michael McAndrew (together, "plaintiffs") initiated this personal injury action in the Circuit Court in and for Escambia County, Florida. Defendants Daniel G. Nolen ("Nolen"); UPS Ground Freight, Inc.; United Parcel Service Company; Jerald Haley ("Haley"); and Automobile Club Inter-Insurance Exchange (together, "defendants") removed the case to this court pursuant to 28 U.S.C.

[1] The court granted the parties' joint motion to substitute Automobile Club Inter-Insurance Exchange for a defendant named in the initial and amended complaints, Auto Club Family Insurance Co. d/b/a AAA Insurance Company. This order therefore refers to the substituted defendant, Automobile Club Inter-Insurance Exchange.

§§ 1332 and 1446, following which plaintiffs filed their pending motion to remand.[2] For the reasons that follow, plaintiffs' motion is GRANTED.

**Background**

According to plaintiffs' amended complaint, on the afternoon of February 10, 2007, Nolen was driving an eighteen wheel tractor-trailer rig in Pensacola, Florida, headed eastbound on Interstate 10.[3] Plaintiffs allege that near the intersection of Interstate 10 and U.S. Route 29 Nolen negligently failed to slow the rig and struck the rear of a passenger vehicle driven by Madeline W. McAndrew, causing Mrs. McAndrew to suffer "permanent injuries; past, present, and future pain and suffering; past, present, and future lost wages and loss of earning capacity; past, present, and future medical expenses; loss of quality of life and other damages."[4] Count I of the amended complaint alleges negligence by Nolen, for which UPS Ground Freight and Haley are also liable, and Count II is a claim for loss of consortium brought by Mr. McAndrew. Count III is a claim against Automobile Club Inter-Insurance Exchange, the McAndrews' automobile insurer, for specific performance of the uninsured motorist provisions of their automobile liability insurance policy.[5] As relief for Count I plaintiffs seek judgment for damages in excess of $15,000, together with interest and costs. As to Count II plaintiffs seek as relief compensatory damages in excess of the minimum jurisdictional limits, including pre- and post-judgment interest, attorneys' fees and costs.

---

[2] Counsel for UPS Ground Freight and United Parcel Service Company represents in the removal papers that although service had not yet been effected on Daniel G. Nolen or Jerald Haley at the time of removal, both defendants consented. Similarly, counsel represents that Auto Club Family Insurance Company (which was later substituted for Automobile Club Inter-Insurance Exchange) likewise consented to removal.

[3] While not entirely clear from the allegations of the complaint, evidently the rig was owned by Haley and operated at the time for UPS Ground Freight.

[4] Doc. 1 at p.10.

[5] According to plaintiffs, Nolen takes the position that the driver of a third vehicle in fact was responsible for causing the accident; this driver did not stop at the scene, however, and has not been identified. Plaintiffs seek to recover under the uninsured motorist coverage of their automobile liability insurance policy provided by Automobile Club Inter-Insurance Exchange in the event liability for damages suffered by Mrs. McAndrew should be assigned to the unidentified driver.

In their notice of removal defendants assert that all procedural requirements under § 1446 have been satisfied.  Defendants additionally submit that complete diversity of citizenship exists among the parties and that, based on telephone conversations with plaintiffs' counsel indicating that Mrs. McAndrew's past medical expenses total $160,000 and that she requires additional surgery, they have a "reasonable belief" the amount in controversy exceeds the $75,000 jurisdictional requirement. Therefore, according to defendants, the court has original jurisdiction over this case pursuant to § 1332.  Moving for remand, plaintiffs contend that it is not facially apparent from the complaint or notice of removal that each of their claims exceeded $75,000 at the time of removal and thus defendants have not shown that the jurisdictional amount has been met.  Moreover, plaintiffs argue, complete diversity is lacking because pursuant to 28 U.S.C. § 1332(c)(1), plaintiffs' liability insurer is deemed to be a citizen of the same state in which plaintiffs reside, Louisiana. Defendants respond that for purposes of determining diversity jurisdiction they are not required to prove that each of plaintiffs' damages claims—here, for negligence and loss of consortium—exceeds $75,000 and that they have shown, by a preponderance of the evidence, that the jurisdictional amount has indeed been satisfied. They also assert that complete diversity exists because plaintiffs' claim against Automobile Club Inter-Insurance Exchange is not a "direct action" and therefore § 1332(c)(1) does not apply.  With leave of court plaintiffs filed a reply to defendants' response in which they maintain defendants are unable to carry their burden of proof, having offered no evidence to support their contention it is "facially apparent" that the amount in controversy in this case has been met.  Further, plaintiffs submit, under the plain language of § 1332(c)(1) they and their insurer, Automobile Club Inter-Insurance Exchange, are deemed to be citizens of the same state and thus complete diversity in fact does not exist.

**Standard of Review**

A defendant may remove to federal court any civil case filed in state court if the case could have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Darden v. Ford Consumer Finance Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000). Following removal by the defendant, the plaintiff may move to remand the case to state court pursuant to 28 U.S.C. § 1447(c).

In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and there must be complete diversity of citizenship. *See* 28 U.S.C. § 1332. As the party seeking federal jurisdiction, the defendant bears the burden of establishing diversity jurisdiction as of the date of removal. *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *see also University of Southern Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F.3rd 1368, 1373 (11th Cir. 1998).

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1187 (11th Cir. 2007), the Eleventh Circuit Court of Appeals clarified "how a district court must proceed in evaluating its jurisdiction after removal."[6] The court explained that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id.* at 1208 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)). The court further explained that under 28 U.S.C. § 1446(b) removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." *Id.* at 1212-13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. *Id.* at 1213 n.63, 1215. Moreover, "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff -- be it the initial complaint or a later-received paper -- and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." *Id.* at 1213. If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, "the court must remand." *Id.* at 1211. Under the approach

---

[6] Although *Lowery* was decided in a Class Action Fairness Act ("CAFA") case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes, Inc.*, 487 F.Supp.2d 1308 (N.D.Ala. 2007).

adopted in *Lowery*, therefore, jurisdiction “is either evident from the removing documents or remand is appropriate.” *Id.* The defendant and the court may not speculate about the amount in controversy, nor should the district court’s jurisdiction be "divined by looking to the stars." *Id.* at 1215.

**Discussion**

As explained below, the court concludes that complete diversity exists but that defendants have not met their burden of showing the amount in controversy exceeded $75,000 at the time of removal. This case therefore will be remanded to the Circuit Court in and for Escambia County, Florida.

Diversity

Under § 1332(c)(1), in “direct actions” against an insurer in which the insured is not joined as a defendant, the insurer is deemed not only to be a citizen of its state of incorporation and of its principal place of business but also of the state of which its insured is a citizen.[7] 28 U.S.C. § 1332(c)(1). Congress enacted this provision to eliminate the basis for diversity in states that allow injured third-parties to seek damages from an insurance company without joining the insurance company's insured as a party-defendant. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989); *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985).

In this case, plaintiffs are not joined as party-defendants. The question therefore is whether this case is a “direct action” within the meaning of the statute. The court concludes it is not. The Eleventh Circuit has instructed that “[u]nless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.” *Fortson*, 751 F.2d

---

[7] Section 1332(c)(1) provides:

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

28 U.S.C. § 1332(c)(1).

at 1159. Additionally, in *Bowers v. Continental Ins. Co.,*753 F.2d 1574 (11th Cir. 1985), the Eleventh Circuit held that § 1332(c) did not apply to an insured's suit under a no-fault insurance contract against his own insurer. *Id.* at 1576-77. The court observed that "[t]he general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer." *Id.* at 1576 (citation omitted). The court also noted with approval that "[i]n similar situations involving suits by an insured against his own insurer under an uninsured motorist policy, courts have held that section 1332(c) does not control." *Id.* at 1577 (citations omitted). This case similarly involves a suit by an insured against her own insurer. Therefore, following *Fortson* and *Bowers*, the court concludes the instant suit against Automobile Club Inter-Insurance Exchange for uninsured motorist coverage is not a "direct action" requiring the insurer be deemed a citizen of Louisiana, as are plaintiffs, and thus destroying diversity. Remand therefore is not warranted on the ground complete diversity does not exist.

Amount in Controversy

The court first addresses plaintiffs' contention that it must be facially apparent from the complaint that *each* of their claims for damages exceeded $75,000 at the time of removal. This argument requires little discussion. It is true that, to the extent the claims of multiple plaintiffs are "separate and distinct," those claims may not be aggregated to reach the jurisdictional amount. *Darden*, 200 F.3d at 756 (citation and quotation marks omitted). In *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559, 125 S.Ct. 2611, 2620, 162 L.Ed.2d 502 (2005), however, the Supreme Court held that if the claims of a single plaintiff meet the jurisdictional threshold, the court may assert supplemental jurisdiction over the claims of additional plaintiffs.[8] Thus in this case, if Mrs. McAndrew's negligence claim exceeds the jurisdictional amount, the court may exercise supplemental jurisdiction over Mr. McAndrew's loss of consortium claim. The claims need not each exceed the jurisdictional amount of $75,000.

---

[8] More particularly, in *Allapattah Services, Inc.,* the Supreme Court instructed that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Allapattah Services, Inc.*, 545 U.S. at 549.

Plaintiffs also argue defendants have not shown that it is facially apparent from the complaint or removal papers that the jurisdictional requirement of § 1332 has been met. The court agrees. The complaint's only mention of a specific amount of damages states "[t]his is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs,"[9] an allegation which clearly does not satisfy the jurisdictional amount. Taking the other allegations of the complaint into account, the court concludes defendants are unable to meet their burden of showing Mrs. McAndrew's damages exceed $75,000. The complaint provides little information about the specifics or severity of the accident, other than that Nolen's tractor-trailer rig allegedly collided with Mrs. Andrew's passenger vehicle in the outside lane of Interstate 10 in Pensacola, Florida, near the U.S. Route 29 intersection. Nor does the complaint shed much light on the consequences of the accident, except that it caused Mrs. McAndrew to suffer permanent injuries, pain and suffering, lost wages, loss of earning capacity, and loss of quality of life; Mrs. McAndrew also complains of incurring unquantified medical expenses. Additionally, the complaint alleges that

> As a direct, foreseeable and proximate result of Defendant Nolen's negligence, Plaintiff McAndrew suffered permanent bodily injury resulting in past and future pain and suffering; disability; past and future loss of income; mental anguish normally associated with a traumatic event and injury; past and future loss of capacity for the enjoyment of life; past and future expense of medical, chiropractic and nursing care and treatment; and aggravation of a previously existing condition, if any such previously existing condition is found to exist. The losses are permanent and continuing and Plaintiff Madeline W. McAndrew will suffer the losses in the future.

Doc. 1 at 12.

Defendants cannot, by a preponderance of the evidence, demonstrate from these allegations that Mrs. McAndrew was so seriously injured in the accident that she sustained damages exceeding $75,000. *See Williams*, 269 F.3d at 1318, 1320 (finding plaintiff's allegations that she tripped on a curb and sustained permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced

---

[9] Doc. 1 at p. 6.

diminished earnings capacity—along with plaintiff's demand for both compensatory and punitive damages— were not sufficient to render it facially apparent that the amount in controversy exceeded $75,000); *Fontenot v. Granite State Ins. Co.*, 2008 Wl 4822283 (W.D.La. 2008) (stating that it was not facially apparent from complaint alleging general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., and nonspecific neck and back injuries with no indication as to nature or severity of injury that jurisdictional amount was satisfied). To conclude otherwise would be mere speculation.[10] Moreover, while the notice of removal cites defense counsel's "reasonable belief" that the amount in controversy exceeds $75,000 based on telephone conversations with plaintiffs' counsel, the removal papers include no evidence in support of this belief, much less any documents supplied by plaintiffs that would lend credence to it.[11] *Lowery*, 483 F.3d at 1213.

---

[10] The cases cited by defendants do not alter the court's conclusion that it is not facially apparent from the complaint that the jurisdictional amount has been satisfied. *See Bolin ex rel. Bolin v. SmithKline Beecham Corp.*, 2008 WL 3286973 (S.D. Fla. 2008) (finding allegations that infant born with "severe respiratory distress" and who suffered from "immature lung development and severe respiratory problems," along with a demand for relief for pecuniary loss, loss of consortium, general and medical damages and related expenses, and punitive damages, were enough to show defendants had met their burden on amount in controversy issue); *Eichhorn v. Home Depot USA, Inc.*, 2007WL 2774247 (S.D.Fla. 2007) (finding complaint alleging "bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition" caused by being "struck in the head by a piece of molding being carried by an employee" were sufficient to satisfy defendant's amount in controversy burden); and *Sanderson v. Daimler Chrysler Motor Corp.*, 2007 WL 2988222 (S.D. Ala. 2007) (finding allegations of severe, permanent facial injuries sustained in automobile accident when airbag did not deploy sufficient to demonstrate jurisdictional amount had been met).

All of the opinions cited by defendants are district court cases having no binding effect on this court. Moreover, *Bolin* and *Sanderson* are distinguishable from this matter in that the former case involves a punitive damages claim, which this case does not, and the latter describes injuries that arguably are specific enough to make the jurisdictional amount clear from the face of the complaint, which again this case does not. In any event, this court agrees with the view espoused in *Saxon v. Thomas*, 2007 WL 1115239 (W.D.La. 2007), in which the court observed that "[i]f the scant facts set forth in the petition, combined with a prayer for relief for certain categories of damages (prayed for in almost every personal injury case of any magnitude) were deemed adequate to allow federal diversity jurisdiction, there would be very few slip and fall, car accident or other personal injury cases that would not meet the amount in controversy requirement. Congress's imposition of a $75,000.00 threshold for removal of such cases would be eviscerated.*" Id. at 2-3.*

[11] Defendants assert that the statement of their counsel in the notice of removal regarding representations made by opposing counsel as to Mrs. McAndrew's medical costs to date and need for future surgery is due great deference and the presumption of truth because their attorney is an officer of the court. In support of this position defendants cite *Burns*, 31 F.3d at 1095 (stating that "plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth"; thus the court

In summary, the court concludes that neither the complaint nor the notice of removal "unambiguously" establishes that the amount in controversy requirement has been satisfied. *Lowery*, 483 F.3d at 1213. The jurisdictional amount is not clearly stated on the face of or readily deducible from the removing documents. Accordingly, defendants have failed to carry their burden of establishing the jurisdictional amount by a preponderance of the evidence. *Id.* at 1211. This case therefore must be remanded to state court.

Accordingly, it is ORDERED:

1. Plaintiffs' motion to remand (doc. 11) is GRANTED.

2. This case is REMANDED to the Circuit Court in and for Escambia County, Florida.

3. The clerk is directed to take appropriate steps to effect the remand.

DONE and ORDERED this 4th day of February, 2009.

s/ *M. Casey Rogers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

accepted the representation of plaintiff's counsel, based on his duty of candor to the tribunal, that his client's claim did not exceed the threshold amount), and *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (giving deference to representation by insured's counsel that his client did not seek and would not accept damages in excess of the jurisdictional amount, in light of counsel's status as officer of the court) (citing *Burns*, 31 F.3d at 1095).

The court disagrees with defendants' contention that their counsel's statement in the notice of removal should be given deference and the presumption of truth. First, *Lowery* requires that, if removal is based on a document other than the plaintiff's initial pleading, such document be supplied by the plaintiff. *Lowery*, 483 F.3d at 1213 n.63, 1215. Here, defendants' argument for removal, which is based on statements reportedly made by plaintiffs' counsel, does not rely on a document, much less one supplied by plaintiffs. Furthermore, the court does not equate a statement of fact that is subject to dispute, as is asserted in this case, with a statement of intention to which the attorney may later be held accountable, as was present in *Burns* and *McKinnon Motors*.